IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
|   Plaintiff, § | |
| § | |
| v. § | CRIMINAL NO. 2:19-237 |
| § | |
| RICKY ANTHONY GALVAN, § | |
|   Defendant. § | |

## MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant Ricky Anthony Galvan's letter motion to serve his federal sentence concurrently with his later-imposed state sentence. D.E. 29.

## I. BACKGROUND

In August of 2019, Defendant was sentenced to 80 months' imprisonment after he pled guilty to being a felon in possession of a firearm. At the time of sentencing, he faced pending charges in Nueces County, Texas, for Possession of a Controlled Substance, Possession of Marijuana, Tampering/Fabricating Physical Evidence, and Failure to Identify. Defendant states that he ultimately took a plea deal in state court for 5 years' imprisonment in the Texas Department of Criminal Justice (TDCJ), to run concurrently with his federal sentence in this case. He is currently in TDCJ custody and now moves the Court to order that his federal sentence is to run concurrently with his state sentence.

## II. LEGAL STANDARD

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively unless the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *see also* 18 U.S.C. § 3584(a); *Hunter v. Tamez*, 622 F.3d 427 (5th Cir. 2010). Although a federal court has discretion to permit

1

the concurrent running of a yet-to-be imposed state sentence, the court must include an express statement in the federal judgment; otherwise there is a presumption that the sentences run consecutively. *United States v. Hernandez*, 234 F.3d 252, 256 (5th Cir. 2000).

### III. ANALYSIS

Defendant claims that his plea agreement with Nueces County, Texas, provided that his state sentence was to run concurrently with his federal sentence in this case. The federal judgment (D.E. 27), however, is silent. The presumption is that Defendant's federal sentence runs consecutively to his later-imposed state sentence, and the Court has limited authority to amend the judgment.

The record shows that the Court made no comment regarding concurrency at sentencing. Because the written judgment accurately reflects the Court's oral pronouncement, the Court has no authority to correct Defendant's sentence pursuant to Federal Rule of Criminal Procedure 36. *See United States v. Castro*, 2011 WL 2412902, at *2 (S.D. Tex. June 15, 2011); *see also United States v. Roth*, 359 F. App'x 453, 454–55 (5th Cir. 2009) (denying motion under Rule 36 to run sentences concurrently where "[t]he judgment is consistent with the court's verbal explanation of the sentence" and "does not contradict anything that the judge said at the sentencing hearing"); *United States v. Nunez*, 168 F. App'x 653, 654 (5th Cir. 2006) (district court made no clerical error in its written judgments and did not err in denying Rule 36 motion, where judgment was silent as to concurrency and court made no comment on concurrency at sentencing). The Court similarly "has no authority to modify defendant's judgment or otherwise 'order,' post-judgment, that the sentences run concurrently or consecutively." *United States v. Torres*, 2018 WL 3150678, at *2 (E.D.N.C. June 27, 2018) (citing *Dillon v. United States*, 560 U.S. 817, 824 (2010) ("'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not

be modified by a district court except in limited circumstances.") (quoting 18 U.S.C. § 3582(b)) (alterations in *Dillon*)).

However, Defendant is not without recourse. "Under the BOP's nunc pro tunc designation procedure set forth in [BOP Program Statement] BOPPS 5160.05, 'where a federal sentence was imposed before a state sentence, the BOP may indirectly award credit for time served in state prison by designating nunc pro tunc the state prison as the place in which the prisoner serves a portion of his federal sentence.'" *United States v. Jack*, 566 F. App'x 331, 332 (5th Cir. 2014) (quoting *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010)). BOPPS 5160.05 provides that an inmate "may request a nunc pro tunc (i.e., occurring now as though it had occurred in the past) designation" listing a state institution as his place of confinement, and "the Bureau must consider an inmate's request." BOPPS 5160.05 § 9(b)(4).

"'The determination by federal authorities that [a defendant's] federal sentence would run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing on a subsequently-obtained state conviction.'" *Leal*, 341 F.3d at 429 (quoting *Bloomgren v. Belaski*, 948 F.2d 688, 691 (10th Cir. 1991)); *see also Fegans*, 506 F.3d at 1104 ("It is well-settled that the state court's intent is not binding . . . .")). However, in cases where the state court orders an inmate's sentences to run concurrently but the federal court is silent, "one might reasonably expect the BOP to exercise its discretion to weigh heavily what the state judge *did say* rather than what the federal judge *did not* . . . ." *Mangum v. Hallembaek*, 824 F.3d 98, 103 (4th Cir. 2016) (emphasis in original).

Finally, while a "district court has no authority under BOPPS 5160.05 to make a nunc pro tunc designation, [] it may review a challenge to the BOP's refusal to make such a designation in a § 2241 petition." *Jack*, 566 F. App'x at 332. *See also Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir.

3

2000) (A writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks . . . the prison authorities' determination of its duration.") (citations omitted). A defendant is required to exhaust available administrative remedies through the BOP before litigating the computation of his sentence in federal court. *United States v. Wilson*, 503 U.S. 329, 335 (1992) (citing 28 C.F.R. §§ 542.10–542.16 and collecting cases). Any challenge to the BOP's calculation of sentencing credit pursuant to § 2241 must be filed in the district where the defendant is incarcerated. *See Pack*, 218 F.3d at 451. Defendant is currently incarcerated at TDCJ's Powledge Unit in Palestine, Texas, which is located in the Eastern District of Texas. Assuming Defendant remains incarcerated in Palestine, he should file any § 2241 petition in the Eastern District of Texas, after first exhausting his administrative remedies.[1]

### IV. CONCLUSION

For the foregoing reasons, Defendant's letter motion to serve his federal sentence concurrently with his later-imposed state sentence (D.E. 29) is **DENIED**.

It is so **ORDERED** this 9th day of June, 2021.

_____
JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE

---

1. Because Defendant is not currently in BOP custody, he may pursue his administrative remedies by contacting:

Designation & Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Dr.
Grand Prairie, TX  75051